# In the United States Court of Federal Claims

No. 08-133 C
(Filed: March 31, 2008)

*******************************************
GLOBAL COMPUTER ENTERPRISES, INC.,   *
                                     *
                Plaintiff,           *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
                Defendant,           *
                                     *
and                                  *
                                     *
QSS GROUP, INC.,                     *
                                     *
                Defendant-Intervenor.*
*******************************************

## ORDER GRANTING PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER

      This matter comes before the court on Plaintiff's Motion for Preliminary Injunction and Application for Temporary Restraining Order.  On March 26, 2008, a hearing was held on plaintiff's motion, which seeks a temporary restraining order and preliminary injunctive relief requiring the United States Coast Guard ("the Coast Guard") to terminate its performance of Modifications 30 and 32 to the Systems Engineering and Technical Services II ("SETS II") Task Order, number HSCGG3-05-F-TWV436, to the Information Technology Omnibus Procurement II ("ITOP II") contract, number GS-09F-0047Z, as that work relates to information technology support for the Coast Guard's financial management systems, as well as on the parties' cross-motions for judgment on the administrative record.

      Both the Tucker Act, 28 U.S.C. § 1491(b)(2) (2000), and RCFC 65 grant the United States Court of Federal Claims the authority to issue temporary restraining orders and preliminary injunctions.  Preliminary injunctive relief is an extraordinary and drastic remedy. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam); FMC Corp. v. United States, 3 F.3d 424, 427 (Fed. Cir. 1993).  The standards for obtaining emergency relief, such as a temporary restraining order, are identical to those that must be satisfied before a preliminary injunction may issue. Four Rivers Invs., Inc. v. United States, 77 Fed. Cl. 592, 594-95 (2007). The moving party must demonstrate that: (1) it has a likelihood of success on the merits; (2) it

will suffer irreparable harm if preliminary relief is not granted; (3) the harm it will suffer outweighs the harm to the government and to third parties; and (4) the grant of relief is not contrary to the public interest. Id.; see also FMC Corp., 3 F.3d at 427; Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc., 908 F.2d 951, 952 (Fed. Cir. 1990); Hosp. Klean of Tex., Inc. v. United States, 65 Fed. Cl. 618, 625 (2005). "No one factor, taken individually, is necessarily dispositive . . . . [T]he weakness of the showing regarding one factor may be overborne by the strength of the others." FMC Corp., 3 F.3d at 427.

Plaintiff has demonstrated a probable likelihood of success on the merits that the Coast Guard violated applicable laws when it failed to employ competitive procedures to contract out financial management systems work it added to the SETS II task order via Modifications 30 and 32, which plaintiff alleges extended the ordering period for the underlying ITOP II contract beyond its expiration date, and instead transferred that work to defendant-intervenor, QSS Group, Inc. Prior to the issuance of these modifications, plaintiff had been previously awarded-and had been performing-the financial management software services to the Coast Guard that are encompassed by these two modifications.

Absent injunctive relief, plaintiff would be irreparably damaged, and an action at law would be unavailing because plaintiff could only recover bid preparation and proposal costs in a suit for damages and not the loss of anticipated profits. 28 U.S.C. § 1491(b)(2) (providing that the court "may award any relief . . . . including declaratory and injunctive relief except that any monetary relief shall be limited to bid preparation and proposal costs") (emphasis added). Plaintiff has established irreparable injuries based upon losing (1) the opportunity to participate in a competitive procurement for this type of work, see Cardinal Maint. Serv., Inc. v. United States, 63 Fed. Cl. 98, 110 (2004), (2) potential profits, see SAI Indus. Corp. v. United States, 60 Fed. Cl. 731, 747 (2004), and (3) skilled employees critical to its ability to perform specialized financial management systems work, see Univ. Research Co., LLC v. United States, 65 Fed. Cl. 500, 514 (2005).[1]

Plaintiff has shown that the harm it would suffer outweighs the harm to defendant and defendant-intervenor because defendant could conduct a competition for financial systems expeditiously, can avoid significant disruption to its financial systems during the recompetition period, and can avoid the potential harms it alleges would result from this court granting plaintiff's motion because those harms are self-imposed. Additionally, any harms incurred by defendant-intervenor would stem either from losing (1) work that was the result of an unlawful contracting process, which should be discounted, see Cardinal Maint. Serv., Inc., 63 Fed. Cl. at 111, or (2) employees hired only recently to perform the work encompassed by the modifications at issue to the SETS II task order.

---

[1] Plaintiff also alleges damages to its reputation as a fourth irreparable harm. Because the court finds that plaintiff has shown that the three harms enumerated herein are irreparable, it reserves consideration of plaintiff's claims of damage to its reputation for consideration on the merits in connection with plaintiff's request for a permanent injunction.

Finally, the public interest in preserving the integrity and fairness of the procurement process and promoting competition for financial management systems work will be served by enjoining performance of the modifications at issue to the SETS II task order.

**Accordingly, it is hereby ORDERED:**

1. Defendant, its officers, agents, employees, representatives, and all other persons acting in connection therewith are hereby restrained and enjoined from performance of information technology support of the Coast Guard's financial management systems under Modifications 30 and 32 to the SETS II task order, number HSCGG3-05-F-TWV436, to the ITOP II contract, number GS-09F-0047Z.

2. **This Temporary Restraining Order shall expire by its terms at midnight, Eastern Daylight Time, on Wednesday, April 9, 2008, unless within such time the order is extended for cause shown or unless defendant consents that it may be extended for a longer period.**

3. Pursuant to Rule 65(c), no restraining order shall issue except upon the giving of security by plaintiff for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. During the March 26, 2008 hearing, the court sought input from the parties concerning an appropriate amount of a bond and instructed the parties to confer and advise the court of their respective views either "sometime today or tomorrow," i.e., on Wednesday, March 26, 2008, or, at latest, by Thursday, March 27, 2008.[2] Neither party contacted the court by March 27, 2008, as required. As of the filing of this temporary restraining order, the court has only received a response from plaintiff, which purports to provide at least some tentative position held by defendant. Because neither party advised the court by the prescribed deadline, the court will impose an amount it deems appropriate without the benefit of all of the parties' views. **Thus, the court conditions this order upon plaintiff's posting of bond, no later than 5:00 p.m., Eastern Daylight Time, on Wednesday, April 2, 2008, in the amount of $10,000.00, or providing a surety who will furnish a bond in the same amount, subject to the approval of the Clerk of the Court.** If plaintiff has any questions about the proper procedure for securing a bond, it may contact the Clerk's office at (202) 357-6400.

4. Also during the March 26, 2008 hearing, plaintiff and defendant suggested that the compressed briefing schedule did not necessarily permit them time to address all issues completely. **In order to afford the parties an opportunity to address all issues fully, the**

---

[2] Plaintiff interpreted the court's instruction as requiring the parties to "report back in the following days." Plaintiff's Conditional Mot. Waiver Security Bond Requirement Prelim. Inj. ¶ 1. Plaintiff's assertion is incorrect.

**parties shall file a joint status report setting forth any issues that they wish to address further, together with a proposed briefing schedule, by no later than 5:00 p.m., Eastern Daylight Time, on Thursday, April 3, 2008.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge
